IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DERRICK STYLES, : | |
| : | |
| Petitioner, : | |
| : | |
| v.  : | CASE NO.: 7:23-CV-103 (WLS-TQL) |
| : | |
| WARDEN ROY ODUM, : | |
| : | |
| Respondent. : | |
| _____ : | |

## ORDER

On August 22, 2024, United States Magistrate Judge Thomas Q. Langstaff entered a Report and Recommendation ("the Recommendation") (Doc. 14) on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), recommending the Court deny the Petition. The Recommendation and 28 U.S.C. § 636(b)(1) provided the Parties with fourteen days to file a written objection or seek an extension of time to file an objection. (Doc. 14 at 8). With neither Party having filed an objection or timely motion seeking an extension, the Court entered an Order (Doc. 15) on October 3, 2024, accepting and adopting the Recommendation. A Judgment (Doc. 16) dismissing the Petition was entered that same day.

On October 10, 2024, nearly fifty days after the Recommendation was filed, Petitioner filed an Objection (Doc. 17). Given the untimeliness of Petitioner's response and the fact that a judgment has been entered in this matter, the Court construes Petitioner's objection as a motion for reconsideration. For the reasons discussed below, Petitioner's objection is **OVERRULED**.

## LAW AND ANALYSIS

Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil

and criminal cases, to grant a motion for reconsideration[1] only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). "An error is not clear and obvious if the legal issues are at least arguable." *Reid v. BMW of N. Am.*, 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006). "A party cannot show clear error or manifest injustice by 'merely reargu[ing] points previously considered and rejected by the Court.'" *Falkner v. Dolgencorp*, LLC, No. 2:19-CV-598, 2020 WL 1345490 (N.D. Ala. Mar. 23, 2020) (quoting *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007)).

### A. Addressing the Merits

Petitioner objects to the Recommendation on the ground that it does not address the merits of his habeas petition, which he asserts constitutes "a continuation of a miscarriage of justice[.]" (Doc. 17 at 3). A federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").

The United States Magistrate Judge, however, carefully analyzed and denied Petitioner's habeas petition, finding that the claims therein were procedurally defaulted because they were either (1) not properly exhausted due to Petitioner's failure to petition the Georgia Supreme Court for a certificate of probable cause following the denial of his state habeas petition, or (2) abandoned by Petitioner in his post-hearing brief, and thus, never fairly presented to the state court for a determination on the merits. (Doc. 14 at 5–6). The United States Magistrate Judge further found that Petitioner failed to show cause and prejudice to overcome the procedural default of his claims. (*Id.* at 7).

---

[1] The Court also notes that strictly applied, Petitioner's Motion treated as a motion for reconsideration is untimely under the Local Rules of this Court. However, in its discretion, the Court will nonetheless review the Motion as construed.

The Court reviewed the Record and the United States Magistrate Judge's Recommendation and found no clear error. (*See* Doc. 15). Thus, having already considered and rejected the arguments Petitioner now raises, the Court finds, as it did then, that there is no clear error in the United States Magistrate Judge's Recommendation.

**B. Certificate of Appealability**

Petitioner further objects to the Recommendation's denial of a certificate of appealability, arguing that if given the opportunity, he could meet the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). (Doc. 17 at 3). A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). To obtain a COA under § 2253(c), the applicant must make a "substantial showing of the denial of a constitutional right." When claims in a habeas petition are disposed of on procedural grounds, as is true in the present case, a COA will be granted only if the petitioner shows that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (quoting *Slack*, 529 U.S. at 484).

Under Georgia law, a habeas petitioner is required to "petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition." *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004). According to O.C.G.A. § 9-14-52, that application must be filed within thirty days of the superior court order denying the habeas petition. Here, the United States Magistrate Judge found that Petitioner failed to exhaust his state remedies prior to filing a federal habeas petition because Petitioner did not file such a petition with the Georgia Supreme Court within thirty days of the denial of his state habeas petition on May 23, 2023. (Doc. 14 at 5–6). In addition, some of the claims initially raised in Petitioner's amended state petition were eventually abandoned in Petitioner's post-hearing brief, and thus were never decided by the state court—as required by Georgia law. *See Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998) (quoting O.C.G.A. § 9-14-51) (holding that claims not presented in state habeas proceedings are procedurally barred from review in federal court,

unless the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition").

The Court reviewed the Record and the Recommendation and found no clear error in the United States Magistrate Judge's finding that Petitioner's claims were not properly exhausted, and procedurally defaulted as a result. Thus, having already considered and rejected the arguments raised in Petitioner's objection, the Court finds, as it did previously, no clear error of law in the United States Magistrate Judge's recommendation of denial of a certificate of appealability.

## **CONCLUSION**

In sum, the Court finds no clear error of law in the United States Magistrate Judge's findings that Petitioner's claims are procedurally barred, and that Petitioner has not met the standard for granting a certificate of appealability. Accordingly, Petitioner's Objection (Doc. 17) is **OVERRULED**.

**SO ORDERED**, this 7th day of November 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

and as discussed in the Court's previous order (Doc. 14), Petitioner failed to show either cause or prejudice to overcome this procedural default. (Doc. 14 at 7–8).

Petitioner had not met the standard for granting a COA because there was no substantial showing of the denial of a constitutional right. (Doc. 14 at 8).

*See Pope*, 358 F.3d at 853–54 (affirming the denial of a federal habeas petition where the petitioner defaulted his claims by failing to pursue discretionary review in the state supreme court).

In sum, the Court finds no clear error of law in the Magistrate Judge's findings that Petitioner's claims are procedurally barred, and that Petitioner has not met the standard for granting a certificate of appealability.

Recommendation Petitioner because (1) Petitioner has not shown that there is anything debatable about the Court's determination that his claims are procedurally barred by Georgia law, and (2) Petitioner has not shown that jurists of reason would find it debatable that his petition states a valid claim for the denial of a constitutional right. [2] Accordingly, the Court finds,

---

[2] Having determined that there was no clear error in the Magistrate Judge's procedural rulings, the Court need not decide if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.